**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **Kelly Bland,** individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**eXp Realty, LLC,**<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT—CLASS ACTION**<br><br>**FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ.; TEX. BUS. & COM. CODE 302.101**<br><br>**JURY TRIAL DEMANDED** |

## CLASS-ACTION COMPLAINT

Plaintiff, Kelly Bland ("Bland" or "Plaintiff") individually and on behalf of all others similarly situated, files this Class-Action Complaint against Defendant EXP Realty, LLC ("EXP" or "Defendant"). In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff Bland brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

equitable remedies resulting from the unlawful actions of Defendant. Defendant violated Plaintiff and the putative class-members' rights by making two or more solicitation calls to residential subscribers whose numbers were registered on the Do Not Call Registry. Those acts and omissions, which are described at length herein, were in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., the TCPA's corresponding regulations promulgated by the Federal Communications Commission ("FCC") at 47 C.F.R. § 64.1200 *et seq,* and § 302.101 of the Texas Business & Commercial Code, known as the Texas Telephone Solicitation Act ("TTSA").

## BACKGROUND ON THE TCPA

2. In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights – specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) et seq., affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

5. Since 2003, persons who register cell phone numbers on the Do Not Call registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the Do Not Call registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

6. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

7. Decades after the TCPA passed into law, it is still unfortunately the case that "month after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the Federal Communications Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

8. In fact, in 2021 alone, there were over five million complaints from Americans to the FTC about unwanted telemarketing calls. Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry* (Jan. 5, 2022), https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

9. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, The Wall Street Journal, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

private civil suits under the TCPA).

11. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendant, as Defendant is headquartered and regularly does business in the State of Washington.

13. Defendant is headquartered in this District, and a substantial portion of the events giving rise to this action took place in this District.

14. Accordingly, venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

15. Plaintiff Kelly Bland is an individual who resides in Aledo, TX.

16. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

17. Defendant EXP Realty, LLC is a Washington limited liability company with its principal office address at 2219 Rimland Dr., Ste. 301, Bellingham, WA 98226.

18. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

19. Defendant acted through its employees, agents, vendors, contractors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees and representatives.

## FACTUAL ALLEGATIONS

20. At all times relevant hereto, Plaintiff, Kelly Bland, owned a cell phone, the number for which was (817) XXX-2161.

21. At all times relevant hereto, Plaintiff used that number primarily for personal and residential purposes, such as speaking with friends and family.

22. Plaintiff registered that cell phone number on the National Do Not Call Registry in February of 2009 in order to obtain solitude from invasive and irritating telemarketing calls and spam text messages.


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

23. In December of 2025, EXP sent Plaintiff at least two (2) unsolicited and unconsented telephone calls and text messages, soliciting EXP's real estate brokerage services which Plaintiff did not want or need.

24. On December 1, 2025 at 4:12pm CST, Plaintiff received a phone call from the number (832) 323-6166, which she did not answer.

25. Approximately one minute later, at 4:13pm CST, Plaintiff received a text message from that number addressed to "Alwina" (the name of Plaintiff's mother), which is displayed below:




26. Upon information and belief, the agent calling for EXP had not ever spoken with Plaintiff's mother, and certainly did not do so on Plaintiff's phone or using Plaintiff's phone number.

27. That phone number did not initially cause Plaintiff's caller ID to identify "EXP Realty." Rather, Plaintiff saved the number as such when she learned EXP was responsible (as articulated below), in order to identify the source of future calls from that number.

28. In order to confirm the identity of the party responsible for calling her, Plaintiff engaged with the texting party.

29. At that point, Plaintiff had received one voice call and one text message from EXP.

30. On December 3, 2025 at 2:32pm CST, Plaintiff received another text from the (832) number, asking if she was available to speak at that time, to which

Plaintiff responded that she was.

31. Later that day, at 3:03pm CST, Plaintiff received a call from the (832) number and spoke to "Senaida", who confirmed that she was calling on behalf of Defendant, EXP and its agent, Sydney Peterson.

32. "Senaida" also provided a link to Ms. Peterson's Facebook page via text, which confirmed that she is employed at EXP.

33. In subsequent calls, Plaintiff confirmed EXP was responsible for each of the aforementioned communications.

34. These calls were not made for "emergency purposes," but rather for solicitation purposes.

35. Plaintiff did not have any pre-existing business relationship with Defendant and was not interested in buying or selling real estate.

36. Plaintiff did not provide Defendant with her prior express consent to be contacted for solicitation purposes.

37. Defendant knew or should have known that its calls were unwanted, as Plaintiff's phone was registered on the National Do-Not-Call Registry.

38. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy had been invaded by Defendant.

## DIRECT AND VICARIOUS LIABILITY

39. Based on the limitation information she has without the benefit of discovery, Plaintiff understands and therefore alleges that some or all of the calls were placed directly by Defendant, through its employee(s).

40. However, if some or all of the calls were placed on EXP's behalf by an ostensibly independent third-party, EXP is still liable for those calls.

41. On May 9, 2013, the FCC determined that telemarketers like Defendant cannot avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

> telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re: Dish Network, LLC,* 28 F.C.C. Rcd. 6574 at 6588 (May 9, 2013) (internal citations omitted).

42. Moreover, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id*. at 6587 n. 107.

43. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593.

44. If Defendant directly sent the calls at issue to Plaintiff and the putative class members, Defendant is directly liable for the placing of those calls.

45. However, Defendant may have hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by third-party telemarketers.

46. If Defendant did not directly send the calls to the putative class members, Defendant's third-party telemarketers had actual and/or apparent authority to act on behalf of Defendant.

47. Likewise, on information and belief, Defendant also ratified its agents' violations of the TCPA by accepting proceeds from sales imitated by


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

unlawful telemarketing communications.

48. Defendant controlled or had the right to control the marketing activities of those acting on its behalf.

49. Defendant acted as a principal to telemarketing agent(s) who were acting on their behalf.

50. Defendant is not permitted under the law to outsource and contract their way out of liability by directing and benefitting from their agents' TCPA violations.

51. For the count identified below, if Defendant directly sent the calls at issue, they are directly liable. Alternatively, to the extent any calls were placed by a third-party agent(s) acting on Defendant's behalf, Defendant is vicariously liable for those unlawful communications.

## CLASS ACTION ALLEGATIONS

52. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

53. Plaintiff seeks to represent the following classes:

> **National Do-Not-Call Registry (NDNC) Class:** All persons in the United States who (1) received two or more telemarketing calls to their telephone number (2) within any 12-month period; (3) while such number was registered with the National Do-Not-Call Registry for over thirty days; (4) which were placed by or on behalf of EXP; (5) from four years prior to the date of this complaint through the date the Court certifies the class;


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

**Caller Identification Class:** All persons and entities throughout the United States (1) to whom EXP delivered, or caused to be delivered, more than one voice call and/or SMS message within a 12-month period, promoting EXP's services; (2) where the subject text messages and/or voice call did not state the name of the individual caller, the name of EXP and a telephone number or address at which EXP may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

**Texas Telephone Solicitation Act ("TTSA") Class:** All persons in the United States who (1) received two or more telemarketing calls to their telephone number (2) within any 12-month period; (3) which were placed by or on behalf of EXP; (4) while EXP did not have a valid and active registration certificate with the Texas Secretary of State to conduct telephone solicitations; (5) from two years prior to the date of this complaint through the date the Court certifies the class.

54. Excluded from the Classes are any entity in which Defendant have a controlling interest or which has a controlling interest in Defendant, and Defendant's owners, affiliates, agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

55. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

56. Plaintiff's claims are typical of the class members, as all are based on the substantially similar facts and the same legal theories.

57. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff will fairly and adequately protect the interests of the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter.

58. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

59. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

60. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

61. Class Members are so numerous that the individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

62. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

a. Whether Defendant scrubs or otherwise consults the federal Do Not Call registry before calling numbers;


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

b. Whether the calls were "solicitations" as defined by 47 U.S.C. § 227(a)(4);

c. Whether Defendant had a valid and active registration with the Texas Secretary of State to conduct telephone solicitations;

d. Whether Defendant and/or its agents' conduct violates 47 U.S.C. § 227, the corresponding rules and regulations implementing the TCPA, and/or § 302.101 of the Texas Business & Commercial Code;

e. Whether Defendant is liable for violations of the TCPA and/or Texas Business and Commercial Code committed by its third-party agent(s);

f. Whether Defendant employs proper mechanisms to obtain consumer consent before making telemarketing calls;

g. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

63. Plaintiff and the putative class members have claims arising out of Defendant's uniform course of conduct, namely improperly placing solicitation calls to Plaintiff and the putative class members.

64. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgments.

65. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

66. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

67. Based on information and belief, Defendant continues to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendant's conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

**COUNT I**

**47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**

**VIOLATION OF NATIONAL DO-NOT-CALL RULES**

**(On behalf of the NDNC Class)**

68. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

69. Plaintiff brings this Count individually and on behalf of all others similarly situated in the NDNC Class.

70. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii), (e).

71. The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500 per violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

72. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls and texts to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

73. By calling Plaintiff and the putative class members after their numbers were registered on the National Do Not Call Registry, Defendant violated the TCPA, including but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

74. On information and belief, Defendant and/or its agents routinely make outgoing calls to residential and cellular telephones in the regular course of their telemarketing campaigns alleged above. Defendant violated 47 C.F.R. § 64.1200(c) by initiating two or more telephone solicitations to wireless and wireline residential telephone subscribers such as Plaintiff and the other NDNC Class members. Defendant violated 47 C.F.R. § 64.1200(c).

75. Defendant's violations are knowing and willful because Defendant knew or should have known that Plaintiff and NDNC Class members had their numbers registered on the Do Not Call Registry.

76. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, recklessly, willfully and absent any legal justification or excuse.

77. Plaintiff and NDNC Class members are entitled to damages of $500.00 per violation for each call placed by or on behalf of Defendant and up to $1,500.00 per violation if the Court finds Defendant willfully violated the TCPA.


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

78. Plaintiff, individually, and on behalf of the other NDNC Class members, seeks injunctive and equitable relief under 47 U.S.C. § 227(c)(5) against Defendant to stop their violations of the TCPA.

**COUNT II**

**47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)**

**VIOLATION OF THE CALLER IDENTIFICATION RULE**

**On behalf of the Caller Identification Class**

79. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

80. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

81. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

82. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

83. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

84. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

85. Defendant therefore violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiffs and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

86. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiffs, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

**COUNT III**

**Tex. Bus. & Com. Code 302.101**

**VIOLATION OF THE TEXAS TELEPHONE SOLICITATION ACT**

**(On behalf of the TTSA Class)**

87. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

88. Plaintiff brings this Count individually and on behalf of all others similarly situated in the TTSA Class.

89. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

90. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

91. Plaintiff received all calls from Defendant while in Texas and on a phone with a Texas area code.

92. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

of the Secretary of State for the business location from which the solicitation is made.

93. Defendant violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

94. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff, Kelly Bland, individually, and on behalf of all other similarly situated, requests the Court grant the following relief against Defendant EXP Realty, LLC, as follows:

a. Enter an order against Defendant pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Plaintiff as the class representative for the NDNC Class, the Caller Identification Class and the TTSA Class;

b. Enter an order appointing her attorneys as class counsel for the NDNC Class, the Caller Identification Class and the TTSA Class;


Kazerouni Law Group, APC | Ryan L. McBride, Esq.
2221 Camino Del Rio S. Ste 101, San Diego, CA 92108
Tel (800) 400-6808 | Fax: (800) 520-5523

c. Enter judgment in favor of Plaintiff and the Classes damages available under the TCPA, including actual and statutory damages per violation of 47 U.S.C. § 227(c) and §302.302(a) of the Texas Business & Commerce Code, consistent with proof at trial;

d. Award Plaintiff and the Classes all reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred; and

e. Award Plaintiff and the Classes such further and other relief the Court deems just and appropriate.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 20, 2026

Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE______

Ryan L. McBride, Esq. (50751)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2221 Camino Del Rio S., Ste. 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Jacob U. Ginsburg, Esq. (*phv anticipated*)
**Kimmel & Silverman, P.C.**
30 East Butler Avenue
Ambler, PA 19002
Phone: (267) 468-5374
Email: jginsburg@creditlaw.com